# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CORONADO, | 1:11-cv-01960-BAM (HC) |
| Petitioner, | ORDER REGARDING PETITIONER'S MOTION FOR STAY AND ABEYANCE AND INFORMATIONAL ORDER TO PETITIONER |
| v. | [Doc. 12] |
| A. BITER, | |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 28, 2011. On December 8, 2011, the Court directed Petitioner to submit a signature under penalty of perjury. Petitioner submitted the signed petition on December 22, 2011. Petitioner raises the following three claims in his petition: (1) his conviction is not supported by proof beyond a reasonable doubt; (2) the witness identification of Petitioner as the shooter was not reliable and did not prove him guilty beyond a reasonable doubt; and (3) there was no corroborating evidence to support the witness's identification of Petitioner.

On February 2, 2012, Petitioner filed a motion for stay and abeyance of his petition for writ of habeas corpus. In his motion, Petitioner requests to return to state court to exhaust five additional claims not contained in the original petition. Petitioner contends he has a petition for

1

writ of habeas corpus pending in the state courts raising three of the claims and plans to file two more additional claims.

### DISCUSSION

There are two different basis for a district court to stay a petition and hold it in abeyance. The first is under the three-step procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (hereinafter "Kelly"). Pursuant to Kelly, the petitioner initially amends the petition to delete any unexhausted claims. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-1071.) The court then stays and holds the amended petition in abeyance and allows the petitioner to return to state court to exhausted the deleted claims. Id. After completion of exhaustion, the petitioner amends the petition to add the newly-exhausted claims to the original petition. Id.

The Kelly procedures does not require a showing of good cause for the delay. King, 564 F.3d at 1140. The Ninth Circuit has noted, because the Kelly procedure does not leave the mixed petition pending, a petitioner proceeding under this procedure risks that he may not be able to comply with the timeliness of the deleted claims to amend back into the petition after exhaustion.[1] A claim can only relate back to a pending federal petition only if the new claim shares a "common core of operate facts" within the claims in the pending petition. Id. at 1141. A new claim does not relate back to another claim simply because it arises from "the same trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 662-664 (2004).

The other procedure is set forth in the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, the unexhausted claims are not dismissed and the mixed petition remains pending in federal court while the petitioner returns to state court to exhaust. Id. at 277. Therefore, the Rhines procedure protects the petitioner against any potential untimeliness. However, there are limitations when the petition may be stayed under Rhines. In order to qualify for a stay under Rhines, the petitioner must (1) show good cause for his failure to exhaust all

---

[1] Under 28 U.S.C. § 2244(d)(1), a one year statute of limitations applies to habeas corpus petitions. The pendency of a federal habeas corpus petition does not toll the applicable one year limitations period under section 2244(d)(1), unlike an application for state habeas corpus relief, which serves to toll the limitations period. Duncan v. Walker, 533 U.S. 167, 172 (2001).

claims before filing the federal action; (2) explain how his unexhausted claim is potentially meritorious; (3) indicate the status of any pending state court proceedings regarding the unexhausted claim; and (4) there must be no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-278.

Petitioner argues the Court should grant a stay because his additional claims are constitutionally cognizable under habeas corpus review. Petitioner fails however to demonstrate good cause to explain his failure to present and exhaust these additional claims at the state level before filing the instant federal petition. Petitioner points only to the fact that the statute of limitations will expire by the time he can return to state court to fully exhaust these claims.[2] The mere fact that the statute of limitations is about to expire does not demonstrate good cause as such a finding would render the stay and abeyance orders routine. Accordingly, Petitioner is not entitled to a stay under Rhines.

However if Petitioner wishes to proceed with a stay pursuant to the Kelly procedure, he may elect to do so. Petitioner is cautioned that the one year limitations period provided by section 2244(d)(1) applies and the Kelly procedure will not effectively protect the unexhausted claims from future subjection to dismissal as untimely.

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED THAT within thirty (30) days from the date of service of this order, Petitioner shall respond to this order by (1) indicating whether he wishes to stay the action pursuant to the Kelly procedure or (2) indicating that he wishes to proceed on the claims raised in the original petition. Failure to comply with this order may result in a recommendation to dismiss the action. Local Rule 110.

IT IS SO ORDERED.

Dated:   February 8, 2012                    /s/ Barbara A. McAuliffe
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] The Court is not making any determination as to whether Petitioner can timely exhaust any claims prior to the expiration of the statute of limitations.