# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CORONADO, | 1:11-cv-01960-BAM (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE |
| v. | [Doc. 12] |
| A. BITER, | ORDER DIRECTING RESPONDENT TO SUBMIT RESPONSE TO PETITION |
| Respondent. | ORDER SETTING BRIEFING SCHEDULE |
| | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS ON ATTORNEY GENERAL |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 28, 2011. On February 2, 2012, Petitioner filed a motion to stay and hold the petition in abeyance while he returned to state court to exhaust additional claims.

On February 9, 2012, the Court issued an order informing Petitioner of the consequences of staying the petition or proceeding on the exhausted claims raised in the original petition. The Court directed Petitioner to (1) indicate whether he wished to stay the action pursuant to the Kelly procedure or (2) indicate that he wished to proceed on the claims raised in the original petition. ECF. No. 13, at 3.

1

On March 5, 2012, Petitioner filed a response to the Court's February 9, 2012, order and indicates that he accepts the opportunity to "proceed," the Court presumes with the original petition. Accordingly, the Court will direct Respondent to file a response to the petition and deny Petitioner's motion for stay and abeyance.

The Court has conducted a preliminary review of the Petition. It is not clear from the face of the Petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

1. Respondent SHALL FILE a RESPONSE to the Petition[2] within **SIXTY (60) days** of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

    A. AN ANSWER addressing the merits of the Petition. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5, Rules Governing Section 2254 Cases. In the event Respondent argues that Petitioner has *procedurally defaulted* a claim in the ANSWER, Respondent must also address the merits of the claim asserted.

    B. A MOTION TO DISMISS the Petition. A Motion to Dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(4). Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.

[2] Respondent is advised that a scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").

1  rulings. See Rule 5, Rules Governing Section 2254 Cases.³

2  2.  If Respondent files an Answer to the Petition, Petitioner MAY FILE a Reply
3      within **THIRTY (30) days** of the date Respondent's Answer is filed with the
4      Court. If no Reply is filed, the Petition and Answer are deemed submitted at the
5      expiration of the thirty days.

6  3.  If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition
7      or Statement of Non-Opposition within **TWENTY-ONE (21) days** of the date
8      Respondent's Motion is filed with the Court. Any Reply to an Opposition to the
9      Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the opposition
10     is served. The Motion to Dismiss will be deemed submitted **TWENTY-EIGHT**
11     **(28) days** after the service of the Motion or when the Reply is filed, whichever
12     comes first. See Local Rule 230(l).

13  4  Unless already submitted, both Respondent and Petitioner SHALL COMPLETE
14     and RETURN to the Court within **THIRTY (30) days** a Consent/Decline form
15     indicating whether the party consents or declines to consent to the jurisdiction of a
16     the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

17  3.  The Clerk of the Court is DIRECTED to SERVE a copy of this order on the
18      Attorney General or his representative.

19  All motions shall be submitted on the record and briefs filed without oral argument unless
20 otherwise ordered by the Court. Local Rule 230(l).  Extensions of time will only be granted upon
21 a showing of good cause.  All provisions of Local Rule 110 are applicable to this order.

22  IT IS SO ORDERED.

23  Dated:   **March 30, 2012**              /s/ **Barbara A. McAuliffe**
                                           UNITED STATES MAGISTRATE JUDGE

---

³Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response. . ." Rule 4, Rules Governing Section 2254 Cases; see also Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); White v. Lewis , 874 F.2d 599, 60203 (9th Cir. 1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

3